UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
NORMAN B. CALVERT, aka CAPRICE,

                          Plaintiff,

      -v.-                                                       9:08-CV-0993
                                                                              (GLS)

BRIAN FISCHER, DOCS Commissioner; *et al.*,

                          Defendants.
--------------------------------------------------------------------------
APPEARANCES:

NORMAN B. CALVERT
97-A-0267
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## **DECISION and ORDER**

The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, filed by plaintiff Norman Calvert, who is currently incarcerated at Clinton Correctional Facility.

**A.    Plaintiff's Complaint.**

In his *pro se* complaint, plaintiff alleges that the defendants have retaliated against him for filing an Article 78 proceeding by refusing to process various requests and paperwork because plaintiff has chosen to sign solely with his assumed named.[1] To succeed on a claim for retaliation under the First Amendment, a plaintiff must show that his or her speech or conduct was constitutionally protected; that the defendant took adverse action against the plaintiff; and that a causal connection exists between the protected speech and the adverse action.

---

[1]Plaintiff alleges that prior to the filing of the Article 78 proceeding, his paperwork had routinely been processed under his assumed name.

It is well settled that the requirement that an inmate use his commitment name is not a violation of plaintiff's constitutional or statutory rights. *See Salahuddin v. Coughlin*, 591 F. Supp. 353 (S.D.N.Y. 1984); *Saunders v. Goord*, 2002 WL 31159109 (S.D.N.Y. 2002). However, in this instance, plaintiff has alleged that DOCS has altered its policy in order to retaliate for plaintiff's exercise of his constitutional rights. Accordingly, in light of the deference the Court must grant to a *pro se* plaintiff, this action will be permitted to be served.

Plaintiff is advised that every document he files with this Court must contain his commitment name. Plaintiff may also add his assumed name, if he so chooses, as is reflected in the caption of this action.

**B.    Application to Proceed *In Forma Pauperis*.**

As to plaintiff's *in forma pauperis* application, after reviewing the entire file, the Court finds that the plaintiff may properly proceed with this matter *in forma pauperis*.

WHEREFORE, it is hereby

ORDERED, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is GRANTED.[2] The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

ORDERED, that the Clerk provide the Superintendent of the facility, designated by

---

[2] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

plaintiff as his current location, with a copy of plaintiff's authorization form and this Order, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

ORDERED, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

ORDERED, that a response to plaintiff's complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants; and it is further

ORDERED, that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on the plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

DATED: October 10, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge