UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NORMAN B. CALVERT, a/k/a CAPRICE,

                              Plaintiff,

                                                    9:08-CV-0993
v.                                                  (GLS/GHL)

BRIAN FISCHER, *DOCS Commissioner, et al.*,

                              Defendants.
_____

APPEARANCES:                          OF COUNSEL:

Norman B. Calvert, 97-A-0267
Plaintiff, *pro se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ANDREW M. CUOMO                  ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION & ORDER

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff alleges

that the Defendants have violated his constitutional rights by "demanding that I use my legal,

'commitment' name, NORMAN CALVERT, rather than my Holy and Spiritual name,

CAPRICE, as my SIGNATURE." Dkt. No. 1 at 5.[1]  Currently pending before the Court is

Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6).  (Dkt. No. 13.)  For the reasons that follow, I recommend that Defendants'

motion be granted.

### Exhaustion of Administrative Remedies

Defendants argue that the Complaint's allegations establish that Plaintiff failed to exhaust

his administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA")

and therefore the Complaint should be dismissed.  Dkt. No. 13-2, at 6-9.  The Defendants are

correct.

The Complaint states:

13.  There is a Grievance Procedure at this facility.

14.  I did NOT use said Grievance Procedure in this present case because: The
Grievance Procedure is a total waste of time, and in this present, EXIGENT
circumstance, THERE IS NO TIME TO WASTE !!!

Dkt. No. 1, at 3.

The PLRA requires that prisoners who bring suit in federal court must first exhaust their

available administrative remedies: "No action shall be brought with respect to prison conditions

under §1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."[2]  "[T]he PLRA's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances or

---

[1]  Page numbers refer to the page numbers assigned by the Court's electronic filing
system.

[2]        42 U.S.C. § 1997e.

2

particular episodes, and whether they allege excessive force or some other wrong."[3]  The

Department of Correctional Services ("DOCS") has available a well-established three-step

inmate grievance program,[4] and Plaintiff has acknowledged that a grievance program existed at

his facility.

For some years now, it has been the majority rule (followed by the Second Circuit) that a

prisoner's fulfillment of his duty to exhaust his available administrative remedies under the

PLRA is not a fact that the prisoner had to plead in order to state a claim under 42 U.S.C. § 1983

but a fact that may be challenged by a defendant through an affirmative defense.  See, e.g.,

*Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir.1999) ("Because, under the PLRA, a prisoner

must exhaust administrative remedies before filing a § 1983 suit ..., a defendant in a prisoner §

1983 suit may also assert as an affirmative defense the plaintiff's failure to comply with the

PLRA's requirements."); *Snider v. Melindez*, 199 F.3d 108, 114 (2d Cir.1999) ("A court may not

dismiss for failure to exhaust administrative remedies unless the court determines that such

remedies are available. Snider's answers [on a form complaint] cannot establish that.").

In 2007, the Supreme Court upheld this interpretation of the exhaustion requirement,

prohibiting circuits (such as the Sixth, Tenth and Eleventh Circuits) from using exhaustion as a

heightened pleading requirement in prisoner civil rights cases.  See *Jones v. Bock*, 549 U.S. 199

(2007).  A prisoner has no independent duty to plead facts plausibly suggesting that he exhausted

his available administrative remedies in order to state an actionable claim under 42 U.S.C. §

1983.  *Bock*, 549 U.S. at 211-17. "[T]his is not to say that failure to exhaust cannot be a basis for

---

[3]       *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[4]       7 N.Y.C.R.R. § 701.7.

dismissal for failure to state a claim." *Id*. at 216.  If a prisoner chooses to plead facts regarding exhaustion, and those facts plausibly suggest that he failed to exhaust his available administrative remedies, then his complaint may be dismissed for failure to state a claim.  *Id*. at 215-16.

Simply stated, if a prisoner says nothing or little about exhaustion in his *pro se* civil rights complaint, he is likely protected from a Fed. R. Civ. P. 12(b)(6) motion to dismiss premised on failure to exhaust.  However, if he says too much about exhaustion in that complaint so that his non-exhaustion is readily apparent, he may "plead himself out of court," as the saying goes.

Despite Plaintiff's acknowledgment that he did not utilize the grievance procedure, in order to determine whether he indeed did "plead himself out of court," a three-part inquiry must be undertaken.[5]

First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner."[6]  Second, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense."[7]  Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the Court should consider whether 'special circumstances'

---

[5]      *See Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004) (citation omitted).

[6]      *Id.*

[7]      *Id.* [citations omitted].

4

have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements."[8]

Here Plaintiff has acknowledged that an administrative remedy was "available" to him. In addition, the Defendants' actions did not inhibit him from pursuing this administrative remedy; instead, he chose not to pursue it.  Finally, there are no "special circumstances" that justify his failure to pursue the available administrative remedy.  His claim of "exigent circumstances," *i.e.*, alleged circumstances "which are separating me from all of my finances, which *might, conceivably*, deny me access to the Courts, and deprive me of receiving my Legal Mail" (Dkt. No. 1, at 3-4) (emphasis added), does not meet this standard.  Nor does his argument, set forth in his "Letter/Reply" to the Defendants' motions, that he "exhausted Administrative Remedies before my [allegedly related] Article 78 Petition in 1999."  Dkt. No. 21, at 4.

In summary, Plaintiff indeed did "plead himself out of court," and therefore it is unnecessary to address the other arguments raised by the Defendants.[9]

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 13) be **GRANTED** without prejudice; and it is further

**ORDERED**, that the Clerk serve a copy of the electronically-available-only opinion cited herein (*Shomo v. Goord*) on Plaintiff.

---

[8]     *Id*. [citations and internal quotations omitted].

[9]     Without explicitly claiming that this constitutes compliance with the exhaustion requirement, Plaintiff alleges that he "wrote several letters to Defendant [Superintendent] Artus." Dkt. No. 1, at 4.  Even if he made such a claim, it would be unavailing.  *See Shomo v. Goord*, No. 9:04-CV-00707, 2007 WL 2693526, at *9 (N.D.N.Y. Sept. 11, 2007) ("plaintiff's letters to prison officials do not satisfy [the PLRA's] exhaustion mandate").

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 28, 2009
      Syracuse, New York

George H. Lowe
United States Magistrate Judge