**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NORMAN B. CALVERT,** also known as **CAPRICE,**

                **Plaintiff,**　　　　　　No. 9:08-cv-0993
　　　　　　　　　　　　　　　　　　　　　　　　(GLS/GHL)
           v.

**BRIAN FISCHER,** DOCS Commissioner;
**DALE ARTUS,** Superintendent, Clinton
Correctional Facility; **T. LAVALLEY,**
Deputy Superintendent, Clinton
Correctional Facility; **M. PATNODE,**
Deputy Superintendent,

                **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
NORMAN B. CALVERT
Pro Se
97-A-0267
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

**FOR THE DEFENDANTS:**
HON. ANDREW M. CUOMO　　　　　ADELE M. TAYLOR-SCOTT
New York Attorney General　　　　　　Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pro se plaintiff Norman B. Calvert, also known as Caprice, an inmate at Clinton Correctional Facility, brings this action under 42 U.S.C. § 1983. (*See* Compl., Dkt. No. 1.)  He alleges that defendants, Brian Fischer, Dale Artus, T. LaValley, and M. Patnode of the New York State Department of Correctional Services (DOCS), violated his constitutional rights by demanding that he use his legal, commitment name and refusing to accept "Caprice" as a valid signature on DOCS forms and records.  (*See id.*) Defendants moved to dismiss Calvert's complaint for failing to state a claim.  (Dkt. No. 13.)  In a Report and Recommendation Order (R&R) filed September 28, 2009, Magistrate Judge George H. Lowe recommended that defendants' motion be granted.[1]  (Dkt. No. 40.)  Pending are Calvert's timely objections to the R&R, (Dkt. No. 41), Calvert's motion to file an amended complaint, (Dkt. No. 44), and defendants' letter motion to strike or dismiss Calvert's amended complaint, (Dkt. No. 45).  For the reasons that follow, the court (1) adopts the R&R and dismisses Calvert's claims against

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

the defendants named in the original complaint, (2) grants Calvert's motion to file an amended complaint, and (3) grants defendants' motion to dismiss the amended complaint.

## II. Discussion

### A. Report and Recommendation Order

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

In the R&R, Judge Lowe determined that Calvert failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, which prohibits a prisoner from filing a civil action under § 1983 "with respect to prison conditions ... until such administrative remedies as are available are exhausted." (*See* R&R at 2,

3

Dkt. No. 40.)  Specifically, the R&R held that, while Calvert was not required to plead facts regarding exhaustion, by pleading facts that suggested he failed to exhaust his available administrative remedies, Calvert rendered his complaint subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  (*See* R&R at 4, Dkt. No. 40 (citing *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).)  Judge Lowe reached this decision based on Calvert's express acknowledgment in his complaint that a grievance program existed at his facility, that he did not use the grievance procedures for his claims, and that he was bringing his claims "directly into Federal Court."  (*See* Compl. ¶¶ 13-14, 22, Dkt. No. 1; R&R at 4, Dkt. No. 40.)

Nonetheless, the R&R examined whether "'special circumstances' ha[d] been plausibly alleged that justify [Calvert's] failure to comply with administrative procedural requirements."  *Hemphill*, 380 F.3d at 686 (internal quotation marks and citation omitted).  Ultimately, Judge Lowe found that no special circumstances were alleged because Calvert merely alleged that he was being separated "from all of [his] finances, which *might*, *conceivably*, deny [him] access to the Courts, and deprive [him] of receiving [his] Legal Mail." (Compl. ¶ 18, Dkt. No. 1 (emphasis added).)

4

Accordingly, Judge Lowe recommended that defendants' motion to dismiss be granted. (*See* R&R at 5, Dkt. No. 40.)

Calvert raises one specific objection to Judge Lowe's R&R. In essence, Calvert relies on the court's holding in *Shomo v. Goord*, No. 9:04-CV-00707, 2007 WL 2693526, at *8-10 (N.D.N.Y. Sept. 11, 2007), for the proposition that the dispute in question here was not grievable. (*See* Objections at 2, Dkt. No. 41.) However, Calvert's present claims regarding use of an autonym in signing papers and documents are precisely the type of claims encompassed by the term "prison conditions." 42 U.S.C. § 1997e(a). The manner in which a prisoner can make his signature is an aspect of prison life and is therefore an issue that is subject to the PLRA's exhaustion requirements. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes ...."). Moreover, "the alleged ineffectiveness of the administrative remedies that are available does not absolve [Calvert] of his obligation to exhaust such remedies ...." *Giano v. Goord*, 250 F.3d 146, 150-51 (2d Cir. 2001). Calvert's "unilateral and misguided belief, however sincere it may have been, that [his] dispute is not grievable, or that a formal grievance

5

would have been unsuccessful" does not excuse his failure to exhaust the available administrative remedies. *Shomo*, 2007 WL 2693526, at *8 (citations omitted). Thus, upon de novo review of the relevant portion of the R&R, the court concurs with Judge Lowe's conclusion that Calvert inexcusably failed to exhaust his administrative remedies as required under § 1997e of the PLRA.

Calvert's remaining objections essentially attempt to reargue his complaint or contradict the R&R with conclusory statements, each of which fail to address Judge Lowe's recommendations. Therefore, the court has reviewed the remainder of the R&R for clear error and finds none. *See Almonte*, 2006 WL 149049, at *4. The R&R correctly concluded that Calvert failed to exhaust his administrative remedies and that his complaint should be dismissed without prejudice. Accordingly, the R&R is adopted in its entirety, and, for the reasons articulated therein, defendants' motion to dismiss is granted as to the claims asserted against Fischer, Artus, LaValley, and Patnode.

**B.     Motion to Amend**

Rule 15(a) provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires."

FED. R. CIV. P. 15(a)(2).  "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (internal quotation marks and citation omitted).  While a court may grant or deny an opportunity to amend, "outright refusal to grant the leave without any justifying reason" is an abuse of discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1366 (2d Cir. 1985) ("[A]mendment should be refused only if it appears to a certainty that plaintiff cannot state a claim.") (internal quotation marks and citation omitted).

Upon review of Calvert's amended complaint, and because defendants have failed to make a sufficient showing of prejudice, undue delay, bad faith, or futility, the court grants Calvert's motion to amend his complaint.  *See* FED. R. CIV. P. 15(a)(2); *see also Richardson Greenshields Sec., Inc.*, 825 F.2d at 653 n.6.  Accordingly, as requested, the court will treat defendants' letter motion as one to dismiss.  (*See* Dkt. No. 45.)

C. **Motion to Dismiss**

The standard of review under Federal Rule of Civil Procedure

7

12(b)(6) is well established and will not be repeated here.  For a full discussion of the standard the court refers the parties to its decision in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2 (N.D.N.Y. Sept. 8, 2008).  As relevant to the current motion, "courts must construe pro se pleadings broadly, and interpret them to raise the strongest arguments that they suggest," especially where civil rights violations are alleged.  *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks, citations, and italics omitted).

     Calvert's newly amended complaint adds George Glassanos, DOCS Legal Counsel, as a defendant.  (*See* Am. Compl., Dkt. No. 44.)  But, as defendants point out and Calvert does not dispute, the amended complaint remains essentially the same in all other respects.  (*See* Dkt. Nos. 45, 46.)  Therefore, the amended complaint suffers from the same deficiencies as the original complaint, namely that Calvert failed to exhaust his administrative remedies and that, by acknowledging this failure without providing any plausible justification, his complaint must be dismissed.  *See Hemphill*, 380 F.3d at 686.  Accordingly, for the reasons discussed at length above, Calvert's amended complaint is dismissed due to his failure to exhaust his administrative remedies as required under the PLRA.  *See*

8

42 U.S.C. § 1997e(a); *see also Porter*, 534 U.S. at 532.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Lowe's Report and Recommendation is adopted in its entirety and defendants' motion to dismiss Calvert's claims against defendants Fischer, Artus, LaValley, and Patnode is **GRANTED**; and it is further

**ORDERED** that Calvert's motion to amend his complaint is **GRANTED**; and it is further

**ORDERED** that defendants' motion to dismiss Calvert's amended complaint is **GRANTED**; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
December 18, 2009

United States District Court Judge

9